UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEMETRIUS A. HOLMES,

    Petitioner,

v.

                                                  Civil Action No. 2:19-cv-427

HAROLD W. CLARKE,

    Respondent.

### REPORT AND RECOMMENDATION

Petitioner Demetrius A. Holmes ("Holmes" or "Petitioner") filed a Petition for a Writ of Habeas Corpus, ECF No. 1, pursuant to 28 U.S.C. § 2254. Holmes challenges his convictions for abduction, robbery, and carjacking entered on April 3, 2015, in the Richmond Circuit Court. The court sentenced Holmes to forty years' imprisonment on those charges. Holmes' Petition alleges that he received ineffective assistance of counsel, that he is being improperly held in violation of the sentencing order entered in the Richmond Circuit Court, and that he was denied the right to a trial by an impartial jury. Respondent Harold W. Clarke moves to dismiss the Petition, ECF No. 11, arguing in part that the Petition is time-barred under 28 U.S.C. § 2244(d)(1). The undersigned agrees and thus recommends that the court dismiss the Petition.

### I.    Statement of the Case

On April 3, 2015, the Richmond Circuit Court found Holmes guilty of abduction, robbery, and carjacking and sentenced him to forty years' imprisonment. Homes appealed to the Virginia Court of Appeals, which affirmed his convictions on August 2, 2016. Holmes then appealed to the Virginia Supreme Court, which refused his appeal on March 6, 2017. Pet. 3 (ECF No. 1, at 2);

Resp't's Mem. Supp. Mot. Dismiss ("Resp't's Mem.") Ex. D (ECF No. 12-4). Holmes did not petition the United States Supreme Court for a writ of certiorari.

Holmes filed a habeas petition in the Richmond Circuit Court on May 9, 2018.[1] Resp't's Mem. Ex. E, at 14 (ECF No. 12-5, at 18). In that petition, Holmes claimed that his attorney rendered ineffective assistance by failing to timely file a motion to suppress his incriminating statements; object to testimony that implicated him in another crime; move for a poll of the jury; preserve the issue of the prosecutor's improper comments during closing argument; and present the issue of the sufficiency of the evidence on appeal. Pet. 4 (ECF No. 1, at 3); Resp't's Mem. 2 (ECF No. 12). Holmes further claimed that his imprisonment violated the circuit court's April 3, 2015 sentencing order. Pet. 4 (ECF No. 1, at 3); Resp't's Mem. 2. The circuit court dismissed Holmes' petition as untimely on July 26, 2018, noting that Holmes filed the petition more than fourteen months after "his appeal became final." Pet. 7 (ECF No. 1, at 6); Resp't's Mem. Ex. F, at 1-3 (ECF No. 12-6); see Va. Code § 8.01-654 (providing that a petitioner has one year from the date of "final disposition of the direct appeal in state court" to file a state habeas petition). Holmes appealed to the Virginia Supreme Court, which refused his petition on July 10, 2019. Pet. 7 (ECF No. 1, at 6); Resp't's Mem. Ex. H (ECF No. 12-8).

---

[1] Respondent states that Holmes' state habeas petition was filed on May 21, 2018. However, May 9, 2018, is the correct filing date as that is the day Holmes delivered his petition to prison authorities to be mailed to the court. See Va. Sup. Ct. R. 3A:25 (stating that, for purposes of habeas corpus petitions filed by incarcerated inmates, "a paper is timely filed if deposited in the institution's internal mail system on or before the last day for filing"); see also Smith v. Davis, No. 3:12-cv-94, 2013 U.S. Dist. LEXIS 1504, at *1 n.1 (utilizing Va. Sup. Ct. R. 3A:25 to hold that a Virginia pro se prisoner's petition was filed as of the day the prisoner deposited it in the internal mail system).

Holmes then filed this § 2254 petition on July 12, 2019,[2] including each of the claims listed in the state habeas petition and an additional claim that he was denied the right to a trial by an impartial jury. Pet. Attch. 1-16 (ECF No. 1, at 16-31). Respondent moves to dismiss the Petition, arguing in part that each of the claims is barred by the federal statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Mem. 3-4 (ECF No. 12). Specifically, Respondent argues that because Holmes' state petition was untimely, it was not "properly filed" and thus did not trigger tolling of the one-year limitation under 28 U.S.C. § 2244(d)(2). Id. Holmes filed a Response, ECF No. 16, claiming that the Richmond Circuit Court's dismissal of his state habeas petition as untimely was erroneous because his conviction did not become final until June 4, 2017 – ninety days after the Virginia Supreme Court refused his appeal on March 6, 2017.[3] Pet'r's Resp. 2. According to Holmes, therefore, his state habeas petition – filed on May 9, 2018 – was timely and triggered 28 U.S.C. § 2244(d)'s tolling provision. Id. at 3-4. Consequently, his argument goes, the one-year limitation period was tolled between May 9, 2019, and July 10, 2019, rendering this Petition – filed on July 12, 2019 – timely. Id.

---

[2] Respondent and Petitioner agree that the Petition was filed on the day it was delivered to prison authorities to be mailed to the court. See Houston v. Lack, 487 U.S. 266, 271, 276 (1988) (holding that a pro se prisoner's appeal of a federal habeas petition was filed as of the day it was handed over to prison authorities for mailing to the court); United States v. Marshburn, No. 97-7520, 1998 U.S. App. LEXIS 29517, at *2 (4th Cir. Nov. 19, 1998) (extending the rule in Houston to the initial filing of a federal habeas petition).

[3] As explained below, when a petitioner does not seek a writ of certiorari from the United States Supreme Court after exhausting all avenues of direct review in state court, the petitioner's judgement become "final" for federal habeas purposes after ninety days. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); 28 U.S.C. § 2101(d); Sup. Ct. R. 13(1). Holmes apparently applies this ninety-day period in calculating his final judgment date for purposes of Virginia's habeas limitation period. Also as explained below, however, Va. Code § 8.01-654 contains no such ninety-day period. See Va. Code § 8.01-654.

3

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner may petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, under § 2244(d)(1), a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations, which runs from the latest of the date on which (A) the judgment becomes final; (B) any state-created impediment to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted; or (D) the claim's factual predicate was or could have been discovered through due diligence. § 2244(d)(1)(A)-(D). Under 28 U.S.C. § 2244(d)(1)(A), the applicable provision in this case, a judgement becomes final at the conclusion of direct review, or when the time allowed for seeking review has expired. 28 U.SC. § 2244(d)(1)(A). Direct review includes the opportunity to petition the United States Supreme Court for a writ of certiorari. See Gonzalez, 565 U.S. at 150; Hill, 277 F.3d at 704. If, however, a petitioner declines to seek certiorari after exhausting all avenues of direct review in state court, the petitioner's judgment becomes final after ninety days – the amount of time a petitioner would normally have to file for certiorari. See Hill, 277 F.3d at 704; see also Gonzalez, 565 U.S. at 149-50; 28 U.S.C. § 2101(d); Sup. Ct. R. 13(1).

The statute of limitations tolls during state review of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(2). "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennet, 531 U.S. 4, 8 (2000).

### III. Recommended Conclusions of Law

Under Virginia Code Section 8.01-654, a state habeas petition must be brought either "two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal <u>in state court</u> or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654 (emphasis added). Here, the Virginia Supreme Court refused Petitioner's direct appeal on March 6, 2017. Accordingly, under Va. Code § 8.01-654, Holmes had until March 6, 2018, to file a state habeas petition. Petitioner, however, did not file until May 9, 2018, more than two months after the one-year limitation period expired. Thus, Holmes failed to comply with Virginia's habeas filing requirements. See <u>Artuz</u>, 531 U.S. at 8 (noting that proper filing includes timely filing). Because Holmes' state petition was not "properly filed" under 28 U.S.C. § 2244(d)(2), it did not toll the federal statute of limitations during state consideration of that petition. Consequently, the federal statute of limitations expired on June 4, 2018, more than a year before Holmes filed his federal habeas petition on July 12, 2019. Therefore, Holmes' federal habeas petition was also untimely.

Petitioner argues that the Virginia one-year statute of limitations for filing a state habeas petition began running on June 4, 2017, ninety days after the Virginia Supreme Court's refusal of his direct appeal on March 6, 2017. Thus, his state petition was timely and properly filed under § 2244(d)(2). While Petitioner's final date of judgment calculation is correct for purposes of § 2244(d)(1)(A), it is not correct with respect to Va. Code § 8.01-654. Federal law provides a petitioner a ninety-day period so that he may file a writ of certiorari to the United States Supreme Court upon the conclusion of direct of review in state court. See 28 U.S.C. § 2244(d)(1)(A); 28 U.S.C. § 2101(d); Sup.Ct. R.13(1). Therefore, Holmes' judgement became final for purposes of filing a <u>federal</u> habeas petition ninety days after the Virginia Supreme Court denied his appeal –

June 4, 2017. See Hill, 2277 F.3d at 704 ("[T]he one-year limitation period begins running . . . when the time for seeking direct review has expired. . . . If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so – 90 days – has elapsed."). Under Va. Code § 8.01-654, however, when the Virginia Supreme Court refused Petitioner's direct appeal on March 6, 2017, the one-year limitation period for filing a state habeas petition began running immediately – not, as Petitioner contends, ninety days later. See Va. Code § 8.01-654 ("A petition for writ of habeas corpus . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." (emphasis added)). Thus, Petitioner's one-year statute of limitations for filing a state habeas petition expired on March 6, 2018. Holmes did not file his state habeas petition until May 9, 2018, and thus his state petition was untimely.

Because Holmes' state petition was not timely filed, it was not "properly filed" under 28 U.S.C. § 2244(d)(2) and, consequently, did not toll the federal one-year limitation period. See Artuz, 531 U.S. at 8 ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). The federal statute of limitations tolls only during review of "properly filed" applications for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2). Therefore, the one-year limitation was not tolled between May 9, 2018, and July 10, 2019, while the Commonwealth considered Holmes' state habeas petition. As discussed above, for purposes of § 2244(d)(1)(A), Petitioner's judgment became final on June 4, 2017. Absent tolling, therefore, Petitioner was required to file his federal habeas petition by June 4, 2018. However, Petitioner did not file his federal habeas petition until July 12, 2019. Therefore, his federal habeas petition is time-barred.

Furthermore, Holmes does not argue or point to any facts indicating that he is entitled to equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) (holding that an otherwise time-barred petitioner is entitled to equitable tolling only upon showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005))). Nor does he contend that the limitations period must be extended under a claim of actual innocent. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Accordingly, the court should dismiss the untimely federal petition.

## IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned concludes that Holmes' Petition is time-barred. Accordingly, the undersigned recommends that the court GRANT Respondent's Motion, ECF No. 11, and DISMISS the Petition, ECF No. 1, with prejudice.

## V. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 6, 2020

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Demetrius A. Holmes**
[No. 1115720]
Sussex I State Prison
24414 Musselwhite Drive
Waverly, Virginia 23891

and an electronic copy was provided to:

**Eugene Murphy**
Senior Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

March 6, 2020